IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSHUA S. LIPKA,<br><br>　　　　　Plaintiff,<br>　v.<br><br>JUDGE KARIN J. IMMERGUT, BOSTWICK, STATE OF OREGON, OREGON DEPARTMENT OF CORRECTIONS, PAROLE & PROBATION, and PAIGE LNU,<br><br>　　　　　Defendants. | Case No.: 3:23-cv-01700-AN<br><br>OPINION AND ORDER |

*Pro se* plaintiff Joshua S. Lipka filed a complaint alleging deprivation of rights under 42 U.S.C. § 1983. On November 28, 2023, this Court issued an Order to Show Cause why plaintiff's complaint should not be dismissed for failure to state a claim for relief. Plaintiff filed a response on January 2, 2024. Because that response does not remedy the deficiencies identified by the Court in its prior Order, plaintiff's claims are DISMISSED without prejudice.

## LEGAL STANDARD

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim for relief, the pleading must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought, which may include in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Although detailed factual allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2006) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

A *pro se* litigant's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, a *pro se* litigant's

pleadings must still meet "some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## DISCUSSION

As an initial matter, plaintiff appears to oppose the Court's decision to deny his motion for appointment of counsel. *See* Order, ECF [7] (denying plaintiff's second motion for appointment of counsel). Plaintiff argues that "to assure that incarcerated persons have meaningful access to courts, <u>states are required</u> too [*sic*] provide affirmative assistance in the preparation of legal papers." Resp. to Order to Show Cause ("Resp."), ECF [8], at 2 (emphasis in original) (citing *John L. v. Adams*, 969 F.2d 228, 235 (6th Cir. 1992)). Notwithstanding the fact that, according to plaintiff's complaint, he is no longer incarcerated, he alleges that "by mere virtue of the results of all parties [he] is still within a prison created by illegal actions." *Id.* Plaintiff misunderstands the relevant law in this district. Under Ninth Circuit precedent, "[g]enerally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, counsel may be appointed for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) when "exceptional circumstances" exist. *Id.* Whether exceptional circumstances exist depends on "'the likelihood of success on the merit as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). As this Court stated in its prior Order, plaintiff has not demonstrated that exceptional circumstances exist because he has not stated a claim to relief that is plausible on its face. Therefore, he is unlikely to succeed on the merits.

As for the merits of plaintiff's claims, even construed liberally, his response is insufficient to render his claims to relief plausible on their face. The first issue that this Court identified was that plaintiff's claims against Judge Immergut were "within her jurisdiction and discretion as a Multnomah County Circuit Court judge." Order to Show Cause, ECF [5], at 4. As this Court stated previously, "[i]t is well settled that judges are generally immune from civil liability under section 1983," and even erroneous judicial actions do not deprive a judge of absolute immunity. *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). In response, plaintiff argues that

"the supreme court held that 'judges lack immunity' . . . from prosecution for violating constitutional rights under 18 U.S.C. ss 242[.]"  Resp. 2.  18 U.S.C. § 242 is a criminal statute that is irrelevant to plaintiff's § 1983 claims.  Indeed, the Supreme Court stated in *Dennis v. Sparks* that "[a] state judge can be found criminally liable under § 242 *although that judge may be immune from damages under § 1983*."  449 U.S. 24, 28 n.5 (1980) (emphasis added).  Thus, plaintiff's claims against Judge Immergut remain implausible on their face.

The second issue that this Court identified was that plaintiff's claims against Bostwick "are each related to prosecutorial actions that Bostwick took during the judicial phase of the criminal process." Order to Show Cause 4.  To this end, plaintiff appears to clarify that he is bringing a malicious prosecution claim as a violation of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff then quotes extensively from Massachusetts case law on malicious prosecution.  Putting aside the fact that Massachusetts law has no bearing on this Court, plaintiff does not address the second issue that this Court raised with plaintiff's claims against Bostwick: Oregon courts recognize malicious prosecution claims, and thus it cannot be a basis for plaintiff's § 1983 claim.  *See Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) ("[M]alicious prosecution . . . is not a federal constitutional tort if process is available within the state judicial systems to remedy such wrongs.").  Although a limited exception exists when malicious prosecution "is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights," plaintiff has not alleged a conspiracy under § 1985, nor has he alleged facts that, if taken as true, would establish that the state system is insufficient to address his malicious prosecution claim.  *Id.* at 1031-32. Thus, plaintiff's claims against Bostwick remain implausible on their face.

Plaintiff's response does not address the third, fourth, or fifth issues that this Court identified with plaintiff's claims.  Thus, these claims remain implausible on their face.

In sum, plaintiff's response is insufficient to remedy the deficiencies identified by this Court and his claims consist of allegations insufficient "to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678.

## CONCLUSION

Accordingly, this case is DISMISSED without prejudice for failure to state a claim for relief.

IT IS SO ORDERED.

DATED this 4th day of January, 2024.

_____
Adrienne Nelson
United States District Judge